## ADKINS v. ADKINS.
No. 62-C-695.

Circuit Court, Palm Beach County.

May 29, 1962.

Jack Ackerman, West Palm Beach, for plaintiff.

Hal C. McCaghren, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

Plaintiff sues the defendant for divorce in this proceeding, alleging that she has been a resident of the state of Florida for more than six months next prior to the filing of her complaint on April 6, 1962, and that "the residence of the defendant is in the state of Florida, but he is presently in the armed service of the United States."

In a "Special Appearance and Plea to Traverse Jurisdiction of the Court," defendant alleges that he "is and always has been a resident of a state other than the state of Florida, to-wit: the state of Virginia," and that the plaintiff, since the marriage of the parties, "has lived with defendant and was living with defendant in a state other than the state of Florida in February, 1962."

Testimony taken upon the issue of jurisdiction shows that plaintiff, then a resident of Palm Beach County, married the defendant in 1955 in West Palm Beach. Defendant had been stationed in Palm Beach County on military duty for two years prior to his marriage; subsequent thereto, he was transferred overseas, and later, in 1959, to military duty in the state of Georgia. Plaintiff lived with him as his wife while he was stationed in Georgia until February, 1962, when she left and returned to Florida. Defendant remained stationed in Georgia until April, 1962, when he was sent out of the United States in the course of his military service.

Defendant is a native of Virginia, but on more than one occasion expressed his intention of making Florida his home upon his eventual retirement from military service. While stationed in Florida, he had a Florida driver's license, and has one at the present time. His income tax returns were filed with the Jacksonville office of the Internal Revenue Service until he became stationed in Georgia, since which time his tax returns have been filed with the Atlanta office of the Internal Revenue Service. At

the time of his severance from military service upon the completion of his various periods of enlistment, his military records show his legal residence for travel, mail and pay purposes to have been in Virginia.

Plaintiff contends that the declared intention of the defendant to live in Florida after his retirement, together with the other facts and circumstances outlined above, cause him to be properly considered as a legal resident of Florida since the marriage of the parties, so that, as his wife, her own legal residence was in Florida prior to the time when she returned here to live upon her separation from the defendant in February, 1962.

The court finds that the evidence is insufficient to sustain the plaintiff's contention with reference to the legal residence of the defendant. While his oral expression of intention to make Florida his home after his retirement from the service and his possession of a Florida driver's license are indicative of Florida residency, it is commonly known that such an intention may be transitory and subject to change, and his driver's license may well have been merely a matter of convenience to him. Other facts tend to show that he did not regard himself as a resident of Florida. The circumstances combine to cast substantial doubt upon plaintiff's claim of the defendant's Florida residency, and hence, of her own legal residency prior to the time of the parties' separation. Plaintiff's residency is an essential requirement for the court's jurisdiction, and where it is shrouded in doubt, the court should not entertain jurisdiction.

It is therefore ordered that the defendant's motion to dismiss the complaint for lack of jurisdiction is granted, without prejudice to plaintiff to seek relief in further proceedings in due course, as she may be advised.